UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE ORTIZ,

                Plaintiff,

-against-

BROOKLYN CRAB LLC, JAMES VIPOND, and MATTHEW BOHNER,

                Defendants.
-----------------------------------------------------------X

Civil Action No.:

COMPLAINT

Plaintiff, JOSE ORTIZ ("Plaintiff"), as and for his Complaint against Defendants, BROOKLYN CRAB LLC ("Brooklyn Crab"), JAMES VIPOND ("Vipond"), and MATTHEW BOHNER ("Bohner") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is an adult male who resides in the State of New York.

6. Upon information and belief, Vipond is an adult male who resides in the State of New York.

7. Upon information and belief, Bohner is an adult male who resides in the State of New York.

8. Upon information and belief, Brooklyn Crab is a domestic limited liability company duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Brooklyn Crab maintains a principal place of business located at 24 Reed Street, Brooklyn, New York 11231.

## FACTS

10. Brooklyn Crab owns and operates a seafood restaurant located at 24 Reed Street, Brooklyn, New York 11231.

11. Plaintiff is a former employee of Brooklyn Crab.

12. Brooklyn Crab maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

13. Upon information and belief, at all relevant times, Vipond is an owner, officer, director, shareholder, and/or managing agent of Brooklyn Crab.

14. Upon information and belief, at all relevant times, Vipond participated in running the daily operations of Brooklyn Crab.

15. At all relevant times, Vipond participated in the management and supervision of Plaintiff and his work for Brooklyn Crab.

16. Upon information and belief, at all relevant times, Vipond exercised operational control over Brooklyn Crab, controlled significant business functions of Brooklyn Crab, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Brooklyn Crab in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

17. Upon information and belief, at all relevant times, Bohner is an owner, officer, director, shareholder, and/or managing agent of Brooklyn Crab.

18. Upon information and belief, at all relevant times, Bohner participated in running the daily operations of Brooklyn Crab.

19. At all relevant times, Bohner participated in the management and supervision of Plaintiff and his work for Brooklyn Crab.

20. Upon information and belief, at all relevant times, Bohner exercised operational control over Brooklyn Crab, controlled significant business functions of Brooklyn Crab, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Brooklyn Crab in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

21. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

22. Defendants employed Plaintiff from in or about April 2016 until on or about June 24, 2022.

23. Defendants employed Plaintiff as a porter for their benefit and at their direction.

24. Plaintiff's primary job duties included cleaning the entire restaurant and receiving and putting away delivered items.

3

25. During his employment, Plaintiff worked seven days a week.

26. During his employment, Plaintiff worked each day from about 6:00 a.m. to about 6:00 p.m., and sometimes later.

27. During his employment, Plaintiff worked 84 hours a week.

28. From April 2016 to the middle of March 2020, Defendants paid Plaintiff by the hour.

29. During this time, Defendants paid Plaintiff at an hourly rate for 40 hours a week, plus a few hours of overtime at time and one-half his regular rate of pay.

30. During this time, Plaintiff worked numerous hours each week without being paid any compensation at all.

31. For example, during the pay period ending December 8, 2019, Plaintiff worked 84 hours.

32. Defendants, however, only paid Plaintiff for 45.18 of those hours, which included 5.18 hours of overtime.

33. During the pay period ending January 19, 2020, Plaintiff worked 84 hours.

34. Defendants, however, only paid Plaintiff for 45.9 hours, which included 5.9 hours of overtime.

35. During this time, Defendants routinely and regularly deprived Plaintiff of overtime compensation and suffered and permitted him to work many hours each week without paying him any compensation at all.

36. From the middle of March 2020 to August 2020, Defendants compelled Plaintiff to work 84 hours a week.

37. Defendants, however, did not pay Plaintiff any compensation at all for this work time.

38. From August 2020 to June 24, 2022, Defendants paid Plaintiff a set weekly salary.

39. During this time, Plaintiff worked 84 hours a week.

40. During this time, Defendants did not pay Plaintiff time and one-half his regular rate of pay for any hours that he worked in excess of 40 each week.

41. During this time, Defendants did not pay Plaintiff any overtime compensation at all.

42. During his employment, Defendants never paid Plaintiff spread of hours compensation at a rate of one additional hour of pay at the statutory minimum wage rate for each day that his spread of hours exceeded ten (10).

43. Defendants failed to provide Plaintiff with a wage notice at the time of his hiring or at any time thereafter, as required by NYLL § 195(1).

44. Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

45. Vipond and Bohner participated in the decision to hire Plaintiff.

46. Vipond and Bohner participated in deciding the job duties that Plaintiff performed.

47. Vipond and Bohner participated in the supervision of Plaintiff's job duties and responsibilities.

48. Vipond and Bohner participated in setting Plaintiff's work schedules.

49. Vipond and Bohner participated in deciding the hours that Plaintiff worked.

50. Vipond and Bohner participated in deciding the manner in which Plaintiff was paid.

51. Vipond and Bohner participated in deciding the compensation Plaintiff was paid.

52. Vipond and Bohner participated in running the day-to-day operations of Brooklyn Crab during Plaintiff's employment.

53. Defendants managed Plaintiff's employment, including the amount of time he worked each week.

54. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

55. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

56. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59. Defendants were and are subject to the overtime pay requirements of the FLSA because Brooklyn Crab was an enterprise engaged in commerce or in the production of goods for commerce during the relevant years of Plaintiff's employment.

60. At all times relevant to this Complaint, Brooklyn Crab had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, food items, and equipment that originated outside of the State of New York.

61. Upon information and belief, the gross annual volume of sales made or business done by Brooklyn Crab for each applicable year was not less than $500,000.00.

62. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

63. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

67. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

68. Defendants did not act in good faith with respect to the conduct alleged herein.

69. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## BY GARCIA AS AGAINST ALL DEFENDANTS
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

70. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72. At all times relevant to this Action, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

73. At all times relevant to this Action, Brooklyn Crab owned and operated a seafood restaurant in Brooklyn, which is a restaurant as defined by the regulations pertaining to the NYLL.

74. At all times relevant to this Action, Plaintiff was an "employee" within the meaning of the NYLL and the supporting Regulations pertaining thereto.

75. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

76. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

77. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

78. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

79. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

80. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

81. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the exemptions available under New York law.

82. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

83. Defendants did not act in good faith with respect to the conduct alleged herein.

84. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

87. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

89. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90. Defendants willfully failed to furnish Plaintiff with compliant wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

91. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

92. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

93. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

94. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

95. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

96. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

97. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

98. As set forth herein, Defendants failed to pay Plaintiff his regular rate of pay for numerous hours of work each week during his employment.

99. During this time, Defendants willfully failed to pay Plaintiff his regular rate of pay in violation of Article 6 of the NYLL, specifically NYLL § 190 et seq.

11

100. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

101. Defendants have acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether its conduct violated the NYLL.

102. Defendants have not acted in good faith with respect to the conduct alleged herein.

103. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants his unpaid regular wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that all Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, regular wages, and spread of hours pay;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and statements;

B. Award compensatory damages, including all wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

12

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
September 8, 2022

THE NHG LAW GROUP, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com